Filed 3/17/22  P. v. Scholer CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>CHAD KY SCHOLER,<br><br>     Defendant and Appellant. | 2d Crim. No. B312177<br>(Super. Ct. No. MA018175)<br>(Los Angeles County) |

Chad Ky Scholer appeals the trial court's denial of a request to recall his sentence made by the Secretary of the California Department of Corrections and Rehabilitation (CDCR) under Penal Code section 1170, subdivision (d)(1).[1]

The trial court summarily denied the request citing facts in the record to support its decision.  While this matter was on appeal, the Legislature passed Assembly Bill No. 1540 (2021 Reg. Sess.) (Stats. 2021, ch. 719, § 2) (hereafter AB 1540).  The parties agree that in light of this bill a remand is required for a new

---

[1] All statutory references are to the Penal Code.

hearing that meets the standards this legislation requires. We reverse and remand for further proceedings.

FACTS

In 1999, Scholer and Richard P. Ritchie committed three home invasion robberies in the Lancaster-Palmdale area. The two men wore stocking caps or masks, they gagged the residents with duct tape, ransacked the homes, and took household and electric goods and an automobile.

Scholer was convicted of six counts of robbery (§ 211), five counts of false imprisonment (§ 236), three counts of grand theft (§§ 487, subd. (d), 498, subd. (d)), burglary (§ 459), assault with a firearm (§ 245, subd. (a)(1)), two counts of possession of a firearm by a felon (§ 12021, subd. (a)(1)), receiving stolen property (§ 496, subd. (a)), and domestic violence involving a child (§ 273a, subd. (a)). He was sentenced to an aggregate term of 39 years 4 months in prison.

While in prison Scholer made numerous efforts at rehabilitation. He worked hard in his work assignments and took "great pride in his work." A supervisor noted that Scholer possessed "many meritorious character traits that would not only result in him being able to successfully cope in society, but also thrive and contribute as a productive and law abiding citizen." One 2019 supervisor's report "commended" Scholer for "his ability to articulate himself very well, being respectful and kind to all around him, and demonstrating a strong work ethic that will follow him into the future with any work environment he finds himself in."

In February 2021, the CDCR Secretary recommended to the trial court that Scholer's sentence be recalled under section 1170, subdivision (d)(1) based on Scholer's "exceptional conduct

while incarcerated." She said he had "two Rules Violation Reports since being received to CDCR on December 31, 2002," but he has "remained disciplinary free since March of 2009. . . . Inmate Scholer also participates in College (Onsite) and Celebrate Recovery. Scholer has received numerous certificates and 15 laudatory chronos from these group sponsors acknowledging his commitment and dedication to these self-awareness and improvement groups." She said he "met the standards of the General Educational Development and received his High School Equivalency Certificate." Her ruling stated, "[A]s the Secretary, I recommend the inmate's sentence be recalled and that he be resentenced."

The trial court summarily denied the request without holding a hearing. It did not give prior notice to Scholer, and it did not appoint counsel for him. The court summarized Scholer's criminal history from 1998 and 1999. It then said, "At the time of this conviction, Scholer was 27 years old and affiliated with Nazi Low Rider, a violent, white supremacist group. While in custody he signed a document renouncing his affiliation. He has received two disciplinary reports for disruptive behavior involving force. He actively participated in work assignments, self-help programs, and classes and has received numerous commendations. He will be eligible for parole in 2030." "The request to resentence Scholer is respectfully denied."

## DISCUSSION

" 'Section 1170 [subdivision (d)(1)] is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun.' " (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210.) This provision allows the trial court to recall and resentence the defendant to a lower sentence

3

than his or her original term after considering " 'postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated.' " (*Ibid.*) "We review the trial court's decision whether to recall a defendant's sentence for an abuse of discretion." (*Ibid.*)

Section 1170 authorizes the CDCR Secretary to initially request the trial court to recall and resentence the prisoner based on factors the Secretary considers to be relevant for the prisoner's rehabilitation. (*People v. McCallum, supra*, 55 Cal.App.5th at p. 205.)

*Procedure and Findings on Rehabilitation*

Scholer contends the trial court erred: 1) by not giving him notice and an opportunity to present information about his rehabilitation, and 2) by not deciding the necessary facts to determine whether to follow the CDCR Secretary's recommendation. We agree.

In *McCallum*, the appellate court reversed a trial court's summary denial of a section 1170, subdivision (d)(1) request to recall the sentence. (*People v. McCallum, supra*, 55 Cal.App.5th at pp. 217-219.) It ruled the trial court abused its discretion by summarily rejecting the Secretary's recommendation "without an opportunity for [the defendant] to present" information about his rehabilitation efforts. (*Id.* at p. 219.)

That is what happened here. At the time of his trial, the law as it then existed did not allow Scholer the opportunity to respond to the findings the trial court made in summarily denying the Secretary's recommendation. This procedural omission requires a reversal of the court's order. "Allowing [the defendant] to submit additional information showing his rehabilitation and reentry plans is . . . consistent with the

4

Legislature's express findings and declarations for section 1170, amended in 2016 (effective January 1, 2017) as part of Assembly Bill No. 2590 (2015-2016 Reg. Sess.) . . . ." (*People v. McCallum, supra,* 55 Cal.App.5th at. p. 217.)

In *McCallum*, the appellate court set out procedural steps the trial court must take in response to a request to recall the sentence under section 1170, subdivision (d)(1). These steps are: 1) The trial court issues its tentative ruling not to recall the sentence; 2) the defendant is given notice of the decision; 3) the defendant is given an opportunity "to submit information relevant to the Secretary's recommendation"; 4) the parties may "provide briefing on whether the trial court should follow the Secretary's recommendation"; and 5) "[u]pon receipt of this information, the court is to exercise its discretion whether to recall and resentence [the defendant]." (*People v. McCallum, supra,* 55 Cal.App.5th at p. 219.)

Here the trial court cited Scholer's criminal history in 1998 and 1999. It noted that he was affiliated with a "Nazi Low Rider" gang. But Scholer renounced his affiliation with that group while in custody. The court said, "He has received two disciplinary reports for disruptive behavior involving force."

The Secretary noted that since 2009 he had a perfect disciplinary record. The Secretary said that he "demonstrates a sustained compliance with departmental rules" and "prolonged participation in rehabilitative programming"; that he had "exceptional conduct" while incarcerated. The Secretary noted that in making this request for Scholer, she is taking her "obligation to public safety very seriously."

In making findings on postconviction factors under section 1170, the trial court should consider "whether the defendant's

5

*risk for future violence has been reduced due to age, time served,* or diminished physical condition, or *any evidence that circumstances have changed* since the original sentencing such that defendant's continued incarceration is no longer in the interest of justice." (*People v. Williams* (2018) 65 Cal.App.5th 828, 835, italics added.) Here the court did not make findings on these issues and Scholer was not given an opportunity to present information on them.

### The New Standards Required by AB 1540

The parties note that the Legislature has recently passed AB 1540 and the new law is effective on January 1, 2022. AB 1540 added section 1170.03 which sets forth specific standards for sentencing recall proceedings. (Stats. 2021, ch. 719, § 3.) In light of the passage of AB 1540, the order in this case must be reversed and the case remanded for the trial court to comply with these standards.

A criminal defendant is entitled to the benefit of a change in the law during the pendency of his appeal. (*People v. Babylon* (1985) 39 Cal.3d 719, 722; *In re Estrada* (1965) 63 Cal.2d 740, 744, 748.) Under *Estrada*, a new law that reduces punishment may apply to a pending case. But retroactive application is not limited to that type of new punishment statute. "*Estrada's* inference of retroactivity" also applies to a new criminal law that "reduces the *possible* punishment for a class of persons" even though it does not directly or expressly reduce a sentence. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303, italics added.)

This is such a law. Prior legislation did not specify the procedural requirements for deciding requests to recall the sentence. Without specific guidance from the Legislature, courts

6

rendered conflicting decisions regarding the procedures. The Legislature enacted AB 1540 to clarify the mandatory uniform procedure that all defendants are entitled to receive. The language of AB 1540 shows a legislative intent to apply this legislation to pending cases. (*Western Security Bank v. Superior Court* (1977) 15 Cal.4th 232, 252.)

Section 1170.03, subdivision (a)(2) provides, "The court, in recalling and resentencing under this subdivision, *shall apply* the sentencing rules of the Judicial Council and *apply any changes in law* that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (Italics added.)

Section 1170.03, subdivision (a)(8) provides, in relevant part, "Resentencing shall not be denied . . . *without a hearing* where the parties have an opportunity to address the basis for the intended denial or rejection." (Italics added.) Section 1170.03, subdivision (b)(1) provides, "The court shall *provide notice to the defendant* and set a status conference within 30 days after the date that the court received the request. The court's order setting the conference shall also *appoint counsel to represent the defendant*." (Italics added.) Section 1170.03, subdivision (b)(2) provides, "There shall be a *presumption favoring recall and resentencing* of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety . . . ." (Italics added.)

## DISPOSITION

The trial court's order is reversed.  The case is remanded for further proceedings to allow the parties a new hearing that meets the requirements of section 1170, subdivision (d)(1).  We make no recommendation how the trial court should rule.

NOT TO BE PUBLISHED.


                                        GILBERT, P. J.

We concur:


        YEGAN, J.


        PERREN, J.

8

Laura L. Laesecke, Judge

Superior Court County of Los Angeles

_____

Jennifer L. Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Michael R. Johnsen, Deputy Attorneys General, for Plaintiff and Respondent.